[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13653

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HECTOR CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:12-cr-80119-DMM-2

_____

Before ROSENBAUM, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Hector Castro, proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. After careful consideration, we affirm the denial of Castro's motion for a sentence reduction.

I.

In 2013, Castro pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine. In the plea agreement, Castro and the government agreed that the offense involved 150 kilograms or more of a mixture and substance containing cocaine. Castro and the government also agreed to recommend that the district court impose a sentence of 240 months. But in the plea agreement, Castro acknowledged that the court had the authority to impose any sentence within and up to the statutory maximum of life imprisonment.

Prior to Castro's sentencing hearing, a probation officer prepared a presentencing investigation report ("PSI"). The PSI reported that Castro's offense involved 150 kilograms or more of cocaine and found that Castro's base offense level was 38. After applying adjustments because the offense involved possession of a dangerous weapon as well as for Castro's role as an organizer or leader and for acceptance of responsibility, the PSI calculated Cas-

tro's total offense level as 41. Based on Castro's criminal history category of I, the PSI stated that Castro's guidelines range was 324 to 405 months' imprisonment. At the sentencing hearing, the district court adopted the PSI's guidelines calculations. The district court then granted a downward variance and sentenced Castro to 240 months, finding this recommended sentence was reasonable.

While Castro was serving his sentence, the Sentencing Commission adopted Amendment 782 to the Sentencing Guidelines, reducing by two levels certain base offense levels in the drug quantity tables. *See* U.S. Sent'g Guidelines Manual App. C, Amend. 782 (U.S. Sent'g Comm'n 2014). The amendment encompassed Castro's offense. Applied retroactively, Amendment 782 lowered Castro's total offense level to 39, changing his advisory sentencing range to 262 to 327 months' imprisonment.

In November 2014, Castro, proceeding *pro se*, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 782. The district court denied the motion. Because Castro's 240-month sentence was lower than the bottom of the amended guideline range, the court found that he was ineligible to receive a further reduction.

In August 2021, Castro filed a second *pro se* motion to reduce his sentence under § 3582(c)(2) based on the retroactive application of Amendment 782. He argued that the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), allowed the district court to reduce his sentence.

The district court denied Castro's motion. The court again found that Castro was ineligible for a sentence reduction. The court also explained that even if Castro was eligible for a sentence reduction, the court would not reduce his sentence based upon its consideration of the § 3553(a) factors.[1] In addressing the § 3553(a) factors, the district court explained that a reduction was not warranted given "the seriousness of Castro's crime and the need to protect the public." Doc. 362.[2]

Castro timely appealed to this Court.

## II.

We review *de novo* a defendant's eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's grant or denial of an

---

[1] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

[2] "Doc." numbers refer to the district court's docket entries in this case.

eligible defendant's reduction request for abuse of discretion. *Id.* We liberally construe *pro se* filings. *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020).

## III.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Courts undertake a two-step inquiry in deciding whether to grant a defendant's request to reduce his sentence under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010). At the first step, the court must consider whether a reduction would be "consistent" with the policy statement set forth at U.S.S.G. § 1B1.10." *Id.* at 826. At the second step, the court must decide whether to exercise its "discretion" and award a reduction based on the § 3553(a) factors. *Id.* at 826.

Here, we affirm the district court's decision denying Castro's motion for a sentence reduction for two alternative reasons. First, we conclude that the district court was not authorized to award a reduction under § 3582(c)(2) because a reduction would not be consistent with the policy statement set forth in § 1B1.10. Second, even assuming the district court was authorized to award a reduction, we cannot say that the district court abused its discretion when it concluded that a reduction was not warranted under the § 3553(a) factors.

A.

We begin by explaining why a reduction was not consistent with the policy statement set forth under § 1B1.10. Under § 1B1.10, a defendant generally is eligible for a sentence reduction when the sentencing guideline range he was originally sentenced under "has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S.S.G. § 1B1.10(a)(1). Here, there is no dispute that Amendment 782 lowered Castro's sentencing guideline range.

But not every defendant whose sentencing guideline range is impacted by an amendment to the Guidelines Manual is eligible for a sentence reduction. The reduction must be compatible with § 1B1.10 as a whole, and § 1B1.10(b)(2) places limitations on a court's authority to reduce a sentence. Barring special circumstances, which are absent in this case, a court lacks authority to reduce a defendant's sentence to below the bottom of the defendant's new, amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except [in cases when the government has filed a motion to reflect the defendant's special assistance to authorities], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this section.").

Because Castro's 240-month sentence was already less than the minimum sentence in his amended guideline range (262 months), he was not eligible for a sentence reduction. Reducing

his sentence would be inconsistent with § 1B1.10 and thus Castro was ineligible for a sentence reduction. *Dillon*, 560 U.S. at 826.

Castro nevertheless argues that the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), established that he was eligible for a sentence reduction. But *Hughes* does not control here.

In *Hughes*, the defendant pled guilty under a plea agreement that required the judge to impose an agreed-upon sentence if the judge accepted the plea. *Id.* at 1773. This type of plea agreement is described in Federal Rule of Criminal Procedure 11(c)(1)(C) and often is referred to as a "Type-C agreement." The issue in *Hughes* was whether under § 3582(c)(2) a defendant who pled guilty pursuant to a Type C agreement was eligible to pursue a sentence reduction based on a retroactive amendment to the Sentencing Guidelines. *Id.* at 1775–77. Because § 3582(c)(2) provides that a sentence reduction is available only when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered," the question in *Hughes* was whether a defendant's sentence is "based" on the Guidelines when a binding Type-C plea deal dictates the sentence a judge must impose. *Id.* at 1773 (quoting 18 U.S.C. § 3582(c)(2)).

The Supreme Court held that a defendant with a Type-C plea agreement is eligible for a sentence reduction. It explained that even when a defendant has a binding Type-C plea agreement, his sentence is still "based on" the Guidelines because a sentence imposed pursuant to Type-C plea agreement is "no excep-

tion to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence." *Id. at* 1776.

Castro's argument that he is eligible for a sentence reduction under *Hughes* fails for two reasons.

First, Castro did not have a Type-C plea deal. As Castro acknowledges in his brief, the agreed-upon sentence in his plea agreement did not bind the court and was only a recommendation from the parties. Castro cannot base his second § 3582(c)(2) motion on *Hughes* because *Hughes* had no impact on Castro's eligibility to have his sentence reduced. Whether the Sentencing Guidelines served as the "basis" for Castro's sentence was never in question; the nature of his plea agreement never prohibited the district court from reviewing his § 3582(c)(2) motion for a sentence reduction.

Second, *Hughes* did not in any way alter the requirement that sentence reductions under § 3582(c)(2) be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). And, as discussed above, the policy statement provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Because Castro's sentence was less than the minimum of his amended guideline range, the district court was not author-

ized to reduce his sentence further and properly denied his § 3582(c)(2) motion.

B.

After concluding that Castro had not shown that he was eligible for a sentence reduction, the district court explained that it was denying Castro's motion for a sentence reduction for a second, independent reason. It determined that a sentence reduction was not warranted under the § 3553(a) factors. The district court found that "relief [was] precluded upon consideration of the § 3553(a) factors[,] especially the seriousness of Castro's crime and the need to protect the public." Doc. 362.

Castro argues that the district court ignored evidence of his post-sentencing rehabilitation that would have informed its evaluation of several § 3553(a) factors. But Castro did not present evidence of his post-sentencing rehabilitation to the district court in his second motion for a sentence reduction. Furthermore, although the district court did not explicitly address and analyze each § 3553(a) factor, "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). We cannot say that the district court abused that discretion when it found that a sentence reduction was not warranted in light of the seriousness of Castro's crime and the need to protect the public.

IV.

For the above reasons, we affirm the district court's denial of Castro's motion for a sentence reduction.

**AFFIRMED.**